IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

v.

RADIOSHACK CORPORATION,

                Defendant.

_____

COMPLAINT AND JURY TRIAL DEMAND
_____

NATURE OF THE ACTION

1.      This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to make whole and provide appropriate relief to David Nelson.  As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that, in December 2007, Defendant RadioShack Corporation ("RadioShack") imposed disciplinary action on District Manager David Nelson ("Nelson"), then age 55, because of his age.  EEOC also alleges that after Nelson complained of age discrimination as a result of the disciplinary action, RadioShack discharged Nelson because of his age and in retaliation for his complaint of age discrimination, in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 626(b), et seq., (the "ADEA") which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Sections 201, 216(c) and 217.  The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. Section 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant RadioShack has continuously been a Colorado corporation doing business in the State of Colorado and the County of Arapahoe, and has continuously had at least twenty employees.

5.      At all relevant times, Defendant RadioShack has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. Section 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. Section 626(b).

## GENERAL ALLEGATIONS

7. David Nelson was born on September 24, 1952.

8. Nelson began working for Defendant RadioShack in or about 1979 in a teller/cashier position.

9. Following a voluntary departure in 1983, Nelson was rehired in July 1985, as a Manager Trainee.

10. Nelson was promoted to the position of District Manager in November 1990, and remained a District Manager until his termination.

11. Before 2007, Nelson was never given written discipline or a plan for performance improvement throughout his years of employment with RadioShack.

12. Nelson performed his duties satisfactorily throughout his years of employment with RadioShack.

13. In 2006, Nelson ranked sixteenth of approximately 180 district managers nationwide.

14. In October of 2007, John Wissinger was assigned to be the Area Vice President over Region 10, which included the Denver district, and Nelson began reporting directly to Wissinger.

15. On December 17, 2007, Wissinger placed Nelson on a Corrective Action Record, which is a company disciplinary action.

16. The Corrective Action Record included a sixty-day performance improvement plan, which provided for a meeting to be held at the 30-day point in the plan to assess Nelson's progress.

17. Sixty days from December 17, 2007 was February 15, 2008.

18. Wissinger did not hold a meeting with Nelson at the 30-day point in the performance improvement period.

19. When Wissinger met with Nelson to impose the Corrective Action Record dated December 17, 2007, he orally instructed Nelson to place his two oldest assistants, ages 49 and 50 at the time, on Corrective Action Records.

20. Nelson did not believe his two oldest assistants deserved to be placed on Corrective Action Records, but believed that Wissinger's instruction to do so was motivated by age bias.

21. On or about January 19, 2008, Wissinger held a meeting with his district managers and their assistant district managers.

22. During a lunch break from the meeting on January 19, 2008, Wissinger met with Nelson and imposed a second Corrective Action Record.

23. The second Corrective Action Record provided for review and discussion in approximately 30 days.

24. Thirty days from January 19, 2008 was Friday, February 18, 2008.

25. The managers' meeting on January 19, 2008 resumed after Wissinger met with Nelson and imposed the second Corrective Action Record.

26. As Wissinger led the meeting during the afternoon of January 19, 2008, he made a statement in front of the group to the effect that one would not want to be a 55-year-old DM who wakes up one day to find one's self without a job or a skill.

27. Nelson took Wissinger's comment as an age-biased comment directed at Nelson.

28. On January 29, 2008, Nelson complained to Defendant's Human Resources department that he thought Wissinger's comment at the managers' meeting, as well as Wissinger's instruction to discipline Nelson's two oldest assistants, were motivated by age discrimination.

29. On February 3, 2008, before the 30 day Corrective Action Record was completed, Wissinger terminated Nelson's employment with Defendant.

## FIRST CLAIM FOR RELIEF

[Age Discrimination – 29 U.S.C. §623(a)(1)]

30. The allegations contained in paragraphs 7 through 29 are hereby incorporated by reference.

31. The effect of the practices complained of above has been to deprive Nelson of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

32. By its conduct complained of above, Defendant RadioShack engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. Section 623(a)(1), by imposing discipline and then terminating David Nelson from his job because of his age, then 55.

33.     The unlawful employment practices complained of in paragraphs 7 through 32 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

34.     As a result of Defendant's conduct described herein, Nelson was deprived of wages and benefits of employment.

## SECOND CLAIM FOR RELIEF

[Retaliation – 29 U.S.C. §623(d)]

35.     The allegations contained in paragraphs 7 through 29 are hereby incorporated by reference.

36.     The effect of the practices complained of above has been to deprive Nelson of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for his complaint of age discrimination.

37.     By its conduct complained of above, Defendant RadioShack engaged in unlawful employment practices, in violation of Section 4(d) of the ADEA, 29 U.S.C. Section 623(d), by terminating David Nelson because of his complaint of age discrimination.

38.     The unlawful employment practices complained of in paragraphs 7 through 32 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

39.     As a result of Defendant's conduct described herein, Nelson was deprived of wages and benefits of employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant RadioShack, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the conduct described above and any employment practice which discriminates on the basis of age against individuals 40 years of age or older;

B. Order Defendant RadioShack to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Grant a judgment requiring Defendant RadioShack to pay appropriate back pay and benefits in an amount to be proved at trial, and an equal sum as liquidated damages, and prejudgment interest, to David Nelson;

D. Order Defendant RadioShack to make whole Mr. Nelson, who was affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to, rightful place reinstatement with all attendant rights and benefits, and/or front pay; and

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 27, 2010

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    GWENDOLYN REAMS
    Associate General Counsel

    U.S.  EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
    131 M Street, N.E.
    Washington, D.C.   20507

    MARY JO O'NEILL
    Regional Attorney
    Phoenix District Office

    RITA BYRNES KITTLE
    Supervisory Trial Attorney
    Denver Field Office

    *s/William Moench*
    WILLIAM MOENCH
    Trial Attorney
    Telephone: (303) 866-1378
    william.moench@eeoc.gov

    EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
    Denver Field Office
    303 East 17th Avenue, Suite 410
    Denver, CO  80203
    Fax:  303-866-1375

    Attorneys for Plaintiff EEOC

**PLEASE NOTE:  It is sufficient for purposes of service on the Plaintiff Equal Employment Opportunity Commission that pleadings, notices, and any other court document be served upon the Trial Attorney.  Duplicate service is not required on the General Counsel or Associate General Counsel located in Washington, D.C.**