IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-02365-LTB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

RADIOSHACK CORPORATION

    Defendant.

_____

## ORDER
_____

This case is before me on Plaintiff's Motion for Review of Taxation of Clerk's Bill of Costs Determination (Doc. # 121). After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion as set forth below.

## I. Background

As the prevailing party in this case, Plaintiff sought an award of $12,241.99 in costs. [Doc. # 112]. The Clerk taxed costs against Defendant in the amount of $8,834.34. [Doc. # 120]. Plaintiff now asks the Court to tax an additional $1,402.44 in costs against Defendant based upon Plaintiff's alleged costs of flying four witnesses to Denver to testify at trial. [*See* Doc. # 121].

## II. Legal Standard

Under federal law, 28 U.S.C. § 1920 allows the prevailing party to recover as costs:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Tenth Circuit has instructed that the assessment of costs rests in the sound judicial discretion of the trial court. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). The court has no discretion to award items as costs that are not set out in § 1920. *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990). The party seeking an award of costs bears the burden of showing the necessity of the costs incurred. *Allison*, 289 F.3d at 1248.

Necessary expenses for witnesses who appear at deposition and/or trial, including fees and travel expenses, are recoverable as taxable costs subject to the provisions of 28 U.S.C. § 1821. *See Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 126 S.Ct. 2455, 2460, 165 L.Ed.2d 526 (2006) ("This list of otherwise recoverable costs is obviously the list set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court, and the recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem."); *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 107 S.Ct. 2494, 2499 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). Section 1821( c )(1) provides that:

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

28 U.S.C. § 1821(c)(1).

### III. Discussion

Plaintiff seeks to recover $1,402.44 in airline transportation costs for four out-of-state trial witnesses. Plaintiff argues that the court has the discretion to award travel expenses in excess of 100 miles, and under that discretion the travel expenses should be awarded. [*See* Doc. # 121, p.3].

Here, the Clerk awarded Plaintiff mileage fees of $0.565 per mile for 100 miles each way for each witness. This totaled $452, or $113 per witness. Although travel costs beyond a 100 mile radius may be awarded to a prevailing party, such an award is left to my discretion. *Fleet Inv. Co., Inc. v. Rogers*, 620 F.2d792, 794 (10th Cir.1980). I do not find that Plaintiff's arguments warrant an additional award. Instead, I choose to exercise discretion and decline to tax Defendant an additional $1,402.44 for the travel expenses of Plaintiff's four out-of-state trial witnesses. The Clerk's award of flight costs of $113 per witness based upon travel beyond a 100 mile radius each way was proper. *See Moe v. Avions Marcel Dassault-Breguet Aviation*, 727 F.2d 917, 936 (10th Cir. 1984) (reaffirming the court's 100 mile rule for transportation costs of witnesses).

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Review of Clerk's Bill of Costs Determination [Doc # 121] is DENIED.

Dated: January   29  , 2014.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge